UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 2000 HEALTH AND WELFARE FUND, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:16 CV 1065 CDP |
| AGENCY FOR COMMUNITY TRANSIT, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Service Employees International Union Local 2000 Health and Welfare Fund and its trustees (collectively, "the Fund") bring this ERISA action seeking delinquent contributions from defendant Agency for Community Transit, Inc. Community Transit now seeks to dismiss the Fund's complaint under Fed. R. Civ. P. 12(b)(6), arguing that it fails to state a claim upon which relief can be granted. Because resolution of the issues raised by Community Transit's motion requires consideration of matters outside the pleadings, I may not determine them on a Rule 12(b)(6) motion to dismiss. I will therefore deny the motion.

In its complaint, the Fund alleges that Community Transit is obligated under its collective bargaining agreement (CBA) to make contribution payments to the

Fund on behalf of eligible employees. The Fund contends that two of Community Transit's employees dropped their health and welfare coverage in early 2016, after which Community Transit ceased paying contributions to the Fund on their behalf. The Fund alleges that the employees' drop of coverage was improper, given that it was outside an open enrollment period and no qualifying family event occurred. The Fund claims that because this drop of coverage was improper and the employees remain qualified for coverage, Community Transit remains obligated to pay contributions to the Fund on the employees' behalf.

In its motion to dismiss, Community Transit contends that under the terms of the relevant Summary Plan Document (SPD), an employee's coverage terminates when Community Transit stops making contributions to the Plan on behalf of that employee. Community Transit argues that because it stopped making contributions to the Plan for the two employees here, as the Fund alleges in the complaint, the employees' coverage terminated as of that time, and they were not required to wait until an open enrollment period to drop their coverage. Community Transit further contends that it was permitted to stop making contributions for these employees under Section 14.6 of the CBA, because the employees submitted written proof that they were insured under another health plan and requested not to be covered under Community Transit's plan. Community Transit argues that, given these circumstances, it properly ceased paying contributions under the terms of the CBA

for these employees, at which time the employees' coverage terminated under the terms of the SPD.

Community Transit bases its argument on factual averments that are not made in the complaint nor shown by the CBA or SPD. Because I may not look outside the complaint and documents embraced by it when ruling a Rule 12(b)(6) motion to dismiss, *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004), I will deny Community Transit's motion. The matters raised by Community Transit are more appropriately considered on a motion for summary judgment with submission of evidence relevant to the issues.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Agency for Community Transit, Inc.'s Motion to Dismiss [7] is **DENIED.**

This case will be set for a Rule 16 scheduling conference by separate Order. Defendant is reminded of its obligation to answer the complaint within the time set by the rules.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2016.